CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2007

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ORLANDO RIVERA, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv00154 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ASST. WARDEN PHILLIPS, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Plaintiff Orlando Rivera, a Connecticut inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Rivera alleges that, in November and December of 2000, defendants violated his constitutional rights. He seeks, inter alia, his release "from the sanction block," the restoration of "any and all rights and priviledges [sic]," the expungement of a disciplinary conviction and the restoration of "all lost [sic] of good time by such convictions," the reduction of "20 years from plaintiff's current incarceration time," compensatory damages in the amount of $100,000.00 from each defendant, and punitive damages in the amount of $250,000 from each defendant.

Rivera originally filed his complaint on July 31, 2003, in the United States District Court for the District of Connecticut, stating claims against Connecticut and Virginia defendants. See Case No. 3:03CV1314. In an ruling entered on March 23, 2007, that Court found that it lacked personal jurisdiction over the Virginia defendants, severed the claims against the Virginia defendants from plaintiff's claims against the Connecticut defendants, and transferred the severed claims to this court. The case was filed in this court on March 28, 2007.

Upon review of the record, the court concludes that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismisses the complaint without prejudice, pursuant to

28 U.S.C. § 1915A(b)(1).[1]

## I.

In its ruling of March 23, 2007, the United States District Court for the District of Connecticut adduced the facts in plaintiff's case as follows:

> The plaintiff alleges that on November 14, 2000, prison officials in the Connecticut DOC transferred him to the Virginia DOC. At the time, the plaintiff suffered from an [sic] medical condition called Keratoconus, which required him to wear contact lenses in order to see properly. Upon his arrival at the Virginia DOC[2] on November 15, 2000, defendants Phillips, Ohai, Davis, Turner, Bowman, Schalf, Greear, John Doe Correctional Officers, John Doe Counselor Jane Doe Nurse refused to provide the plaintiff with the necessary cleaning solutions for his contact lenses despite the fact that plaintiff's medical condition and need for contact lenses was clearly noted in his medical transfer summary from Connecticut. The plaintiff's eyes became infected due to the lack of proper cleaning supplies.
>
> On December 3, 2000, the plaintiff was on his way back from lunch in the cafeteria when he was caught in an inmate riot. A correctional officer later issued him a disciplinary report for rioting. After a hearing, John Doe Disciplinary Hearing Officer found the plaintiff guilty. On December 15, 2000, Virginia prison officials transferred the plaintiff back to the Connecticut DOC. The plaintiff is currently incarcerated in the Osborn Correctional Institution in Somers, Connecticut.

Plaintiff signed and dated his complaint July 21, 2003. As mentioned above, he filed his complaint in the United States District Court for the District of Connecticut on July 31, 2003.

## II.

There is no federal statute of limitations applicable in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur. Owens v. Okure,

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] Specifically, plaintiff was transferred to Wallens Ridge State Prison in Big Stone Gap, Virginia.

2

488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Therefore, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

However, the time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991). Accordingly, in Virginia § 1983 cases, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit. As the court has determined that the statute of limitations unquestionably provides an affirmative defense to this action, the court may summarily dismiss the complaint as failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A. See Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983) (court may dismiss based on affirmative defense under predecessor statute).

After a review of Rivera's factual contentions, the court finds that he is barred from bringing suit under § 1983 against these defendants as to all claims, which arise more than two years prior to the date this complaint was delivered to prison authorities. Rivera signed and dated his complaint July 21, 2003; accordingly, the court assumes he delivered the complaint to prison officials on the same day. Therefore, plaintiff's claims, all of which arose prior to July 21, 2001, are barred by the

statute of limitations, are clearly no longer actionable under § 1983, and must be dismissed, pursuant to 28 U.S.C. § 1915A, as failing to state a claim upon which relief may be granted.[3]

### III.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 30th day of March, 2007.

_____
United States District Judge

---

[3] The March 23, 2007 ruling of the United States District Court for the District of Connecticut indicates that plaintiff's actions against Connecticut defendants are subject to a "three year statute of limitations governing section 1983 actions."

4